GAY, APPELLANT, *v.* UNIVERSAL UNDERWRITERS INS. CO. ET AL., APPELLEES.

[Cite as Gay v. Universal Underwriters Ins. Co. (1973), 47 Ohio App. 2d 233.]

234

*Messrs. McGowan, Sheck & Hewitt,* for appellant.
*Messrs. Roetzel & Andress* and *Mr. John M. Ulman,* for appellees Universal Underwriters Insurance Company, Duane Worden and Juanita Worden.
*Mr. R. C. Norris,* for appellee Peter Vidican.
*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. Donald A. Powell,* for appellee Grange Mutual Casualty Company.

MAHONEY, J. On April 1, 1969, defendant Worden's Motorcycle Shop, of Akron (an appellee) sold a 1968 Honda motorcycle to defendant Peter Vidican (an appellee) for the sum of $418.50. The money for the purchase was supplied by the plaintiff (appellant), William P. Gay, a minor 18 years of age. Possession of the Honda was given by Worden's to Vidican and by Vidican to Gay. Gay attached a license plate that he owned, which was registered to another cycle, to the Honda. The title was never transferred from Worden's to Vidican until August 19, 1969.

On August 15, 1969, while operating the Honda, Gay sustained personal injuries as a direct result of a collision with an uninsured motorist. It was stipulated between these parties that the plaintiff, Gay, was legally entitled to recover damages from the uninsured motorist. On the day of the collision, Gay owned a motor vehicle on which he had uninsured motorist and medical payments coverage with defendant Grange Mutual Casualty Company (an appellee).

Gay lived with and was a member of the household of his father, who had similar insurance coverage with Grange Mutual Casualty Company.

Defendants Duane and Juanita Worden have a "General Liability-Automobile Policy," with an endorsement providing uninsured motorist coverage through defendant Universal Underwriters Insurance Company. Under part II of that endorsement, coverage was extended to the named in-

sured and any other person occupying an "insured highway vehicle." An "insured highway vehicle" is described in the endorsement as any highway vehicle to which is attached a dealer's license plates issued to the named insured.

Thereafter, Gay filed suit against Vidican, Worden's, Grange and Universal. The trial court granted Gay a judgment on both of his claims against Grange, but denied him a judgment as to Universal on either the "med-pay" claim or uninsured motorist claim. Grange paid the judgments, and the plaintiff, Gay, brings this appeal and assigns the following errors:

"The judgment of the court, to-wit:

"[1] 'that as to the defendant Universal Underwriters Insurance Company, the terms of the casualty insurance policy said defendant wrote for the defendant Worden's Motorcycle Shop does not, by its terms, inure to the benefit of the plaintiff as to uninsured motorist coverage,' is contrary to law; and

"[2] 'that as to the defendant Universal Underwriters Insurance Company, the terms of the casualty insurance policy said defendant wrote for the defendant Worden's Motorcycle Shop does not, by its terms, inure to the benefit of the plaintiff as to medical payment coverage,' is contrary to law."

The plaintiff argues, as to the first assignment of error, that the restrictive provision in the uninsured motorists endorsement is void as against public policy because it conflicts with and lessens the coverages afforded by R. C. 3937.18. He further contends that coverage should follow the vehicle, and that every vehicle afforded coverage under the liability provisions should be afforded uninsured motorists protection. He further asserts that the insured, Worden's, was never given an opportunity to reject this lesser coverage, as provided by statute.

We cannot agree with this reasoning. We are dealing here with a garage liability policy, not with a regular automobile liability policy. The plaintiff simply does not fall within the definition of "persons insured" under Part II of the uninsured motorists endorsement. Even the plaintiff

admits that he is not an insured under the garage liability portion of the policies.

The pertinent parts of R. C. 3937.18 provide:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 4509.20 of the Revised Code, under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further that, unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer."

We hold that R. C. 3937.18 is for the "protection of persons insured thereunder," not vehicles. The named insureds, Duane and Juanita Worden, who bought and paid for the policy, are insured, as required by R. C. 3937.18.

We further hold that defining "insured highway vehicles," as those "to which are attached dealer's license plates issued to the named insured" is not in conflict with the provisions of R. C. 3937.18.

The plaintiff urges the court to find that his use of the Honda was a use incident to the scope of the garage operations. Here again, the policy definitions clearly exclude the facts of this case from being a use within the "automobile hazard" as defined in Part I of the garage policy, and "persons insured," as set forth in Part V (3):

"V Persons Insured

"Each of the following is an insured under this insurance to the extent set forth below: * * *

"(3) with respect to the automobile hazard: * * *

"None of the following is an insured: * * *

"(iii) any person or organization other than the named insured with respect to any automobile (a) owned by such person or organization or by a member (other than the named insured) of the same household, or (b) *possession of which* has been transferred to another by the named insured pursuant to an agreement of sale * * *." (Emphasis ours.)

The second assignment of error deals with the claim for "medical payments" coverage. Here again, we must concur with the judgment of the trial court. The reasoning of the plaintiff is rather circuitous and the policy simply cannot be stretched that far. The use of the Honda by the plaintiff was not a use covered under the garage liability policy. A further look at the face sheet of the policy does not show that the Wordens contracted for coverages I or J by paying premiums. Even if they had, the plaintiff simply does not come within any of the definitions of the person insured, as being one for whom bodily injury liability insurance is afforded with respect to such use. The plaintiff's use was not the Wordens' use. The case of *Brewer* v. *DeCant* (1958), 167 Ohio St. 411, is not applicable here, as the plaintiff's use is specifically excluded under the provisions of Part V(3) (iii) of the policy set forth above.

We have reviewed the claimed errors and find none prejudicial to any substantial right of the plaintiff.

*Judgment affirmed.*

BRENNEMAN, P. J., and DOYLE, J., concur.

DOYLE, J., retired, assigned to active duty under authority of Article IV, Section 6(C), Constitution.